**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**HYWEL CHANNING BOWMAN**                                                      **PETITIONER**

**v.**                                                              **CIVIL ACTION NO.  1:24-CV-105-JHM**

**STEPHEN HARMON, JAILER**                                                      **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Hywel Channing Bowman, a pretrial detainee currently incarcerated in Warren County Regional Jail, filed the instant *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition is now before the Court for preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1]  For the reasons that follow, the Court will summarily dismiss the instant action.

**I.**

In the petition, Petitioner states that he is challenging his state pretrial detention.  Where the form asks the filer to state the court and case number of the decision he is challenging, he identifies Warren County Circuit Court Case Nos. 24-CR-133 and 24-CR-135.  The record in Case No. 24-CR-133 shows that Petitioner has been charged with reckless homicide; three counts of first-degree criminal abuse of a child 12 or under; and enhanced trafficking in a controlled substance (fentanyl).  The record in Case No. 24-CR-135 shows that he has been charged with being a convicted felon in possession of a handgun.  Petitioner states that he is challenging the trial court's denial of his "pro se writ of habeas corpus" in both cases on May 21,

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

2024. Petitioner indicates that he has appealed this decision to the Kentucky Court of Appeals but that he "hasn't heard anything yet."

As grounds in support of the instant petition, Petitioner states that his constitutional rights were violated when law enforcement obtained evidence that was not in plain sight; when a "material false statement" was used to obtain a judicial search warrant; that he is being discriminated against because he is convicted felon; and that he is being held on excessive bail.

## II.

A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 U.S. App. LEXIS 29970, at *3 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 U.S. Dist. LEXIS 62306, at *4 (E.D. Mich. July 20, 2009). The

burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the instant case, it is evident that Petitioner did not exhaust his claims in the state courts. He has one appeal pending and he can present any other constitutional challenges during the course of his criminal trial(s),[2] on direct appeal, or, if applicable, through a properly filed state collateral attack. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. Moreover, the Court finds no unusual or exceptional circumstances which warrant the Court's involvement in the state court cases without Petitioner first exhausting.

For these reasons, the petition will be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is

---

[2] The records in the state-court cases shows that there is a motion to suppress pending in both.

warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: August 14, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
4414.011